IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZOE SPENCER, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:16cv331–HEH
)
VIRGINIA STATE UNIVERSITY, )
et al., )
)
        Defendants. )

**MEMORANDUM OPINION**
(Denying Plaintiff's Motion to Strike)

THIS MATTER is before the Court on Plaintiff Zoe Spencer's ("Plaintiff") Motion to Strike (ECF No. 38) and her Memorandum in Support thereof (ECF No. 39), both filed on November 11, 2016.

Plaintiff asks the Court to strike the Defendants' Reply in Support of their Motion to Dismiss (ECF No. 36) in its entirety. Plaintiff makes three arguments in support of her Motion: (1) that the Reply Brief was filed beyond the applicable deadline; (2) that the Reply Brief impermissibly cited and relied upon a non-integral document; and (3) that the Reply Brief impermissibly raised new arguments. (*See generally* Mem. in Supp. of Mot. to Strike.)

Likely recognizing that her first argument was based on a misunderstanding of Federal Rule of Civil Procedure 6(d),[1] Plaintiff withdrew it on November 16, 2016.

---

[1] Plaintiff electronically filed her Response in Opposition to the Motion to Dismiss on October 31, 2016. (ECF No. 34.) Local Civil Rule 7(F)(1) provides that the moving party has three days after the filing of

1

(ECF No. 41.) However, Plaintiff continues to maintain that the Court should strike the Defendants' Reply Brief in its entirety based on either her second or third argument.

Both parties have filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J).

For the reasons stated herein, the Court finds Plaintiff's second and third arguments as devoid of merit as her first. Therefore, the Court will deny Plaintiff's Motion to Strike.

## I. BRIEF BACKGROUND

In her Second Amended Complaint ("S.A.C."), Plaintiff alleges "that she was subjected to, and continues to be subjected to, willful and knowing gender discrimination and retaliation in violation of" Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Equal Pay Act, 29 U.S.C. § 206(d), *et seq.* ("EPA"). Plaintiff's claims themselves are not relevant to the present Motion. Rather, the Court will focus its attention on the extent to which Plaintiff referenced and relied upon the Virginia State University Faculty Handbook ("VSU Faculty Handbook") in her S.A.C. and in her Response to the Defendants' Motion to Dismiss.

Plaintiff begins her factual allegations in her S.A.C. by stating that "[a]ccording to

---

responsive pleadings to file a reply brief. E.D. Va. Local Civ. R. 7(F)(1). Federal Rule of Civil Procedure 6(d) allows for an additional three days if the responsive pleadings were filed electronically, as they were in this case. Fed. R. Civ. P. 6(d). Therefore, the Defendants had six days, or until November 6, 2016, to file their Reply Brief. However, since November 6, 2016, was a Sunday, the Reply Brief was not due until November 7, 2016, the date that it was filed. Fed. R. Civ. P. 6(a)(1)(C).

the VSU Faculty Handbook . . . faculty salaries are set by the VSU Board of Visitors." (S.A.C. ¶ 31.) Plaintiff contends that "[Virginia State University] is a teaching university and has a standard employee work profile ("EWP") for all employees classified as Collegiate/Instructional faculty. This EWP does not differ depending on department or discipline, but is consistent for all faculty of the same category." (*Id.* ¶ 35.)

Plaintiff continues by citing the VSU Faculty Handbook to support her assertion that "employees are divided into Classified Personnel and General Faculty. Any type of faculty (Assistant Professor, Associate Professor or Professor) is considered General Faculty. . . . After faculty have been categorized, their salary is based on their rank and experience as opposed to their department." (*Id.* ¶ 36.) Plaintiff then quotes the VSU Faculty Handbook to support her characterization that there is no distinction in faculty responsibilities or job descriptions between departments or disciplines at Virginia State University: "Faculty salaries shall be reviewed annually and shall be based upon rank and experience." (*Id.* ¶ 37.) Significantly, Plaintiff did not include a copy of the VSU Faculty Handbook as an exhibit with her S.A.C.

In their Motion to Dismiss, the Defendants argued that Plaintiff failed to allege sufficient facts to show that she performed the same job functions as the six male faculty members from other departments that she named in her S.A.C. In her Response, Plaintiff again cited to the VSU Faculty Handbook and the EWP to support her claim that "there is no difference or distinction in faculty responsibilities or job descriptions between departments or disciplines." (Resp. in Opp. to Mot. to Dismiss 2, 4, 13–14, 16–17.) Once more, Plaintiff failed to include a copy of the VSU Faculty Handbook as an exhibit

3

to her brief.

As a result, the Defendants included a copy of the document, in its entirety, with their Reply Brief. (Reply Br. 36-1.) Plaintiff now objects to the Defendants' filing of the document and their arguments regarding it. Consequently, Plaintiff asks this Court to take the extraordinary step of striking the *entire* Reply Brief from the record.

## II. STANDARD OF REVIEW

Under Rule 12(f), a district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court's decision on such a motion is discretionary. *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 246 (4th Cir. 2007). However, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)). Stated succinctly, "[s]uch motions are what give 'motions practice' a deservedly bad name." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) (Posner, J.).

## III. ANALYSIS

As an initial matter, the Court finds it necessary to discuss why Plaintiff's references to and quotations from the VSU Faculty Handbook are significant in framing her S.A.C.

To establish a plausible claim of wage discrimination, the Fourth Circuit has held

4

that a plaintiff "bears the burden of showing that she (1) receives lower pay than a male co-employee (2) for performing work substantially equal in skill, effort and responsibility under similar working conditions." *Strag v. Bd. of Trustees, Craven Comm. College*, 55 F.3d 943, 948 (4th Cir. 1995); *see also Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989) (indicating that the sex discrimination provisions of Title VII and the EPA are construed harmoniously). This disparity is typically shown by comparison to a specific male comparator. *Houck v. Virginia Polytechnic Inst. and State Univ.*, 10 F.3d 204, 206 (4th Cir. 1993).

A proper comparator performs "substantially equal" work as the plaintiff. *Wheatley v. Wicomico County*, 390 F.3d 328, 332 (4th Cir. 2004). This requires more than a mere showing that the plaintiff and the putative comparator share the same job title. *Id.* The analysis turns on whether the jobs to be compared share a "common core" of tasks. *Hassman v. Valley Motors, Inc.*, 790 F. Supp. 564, 567 (D. Md. 1992) (cited for this proposition with approval in *Dibble v. Regents of Univ. of Maryland System*, 89 F.3d 828 (Table) (4th Cir. 1996) (unpublished opinion)).

In this case, Plaintiff has cited to and quoted from the VSU Faculty Handbook to support her assertion that the six named male professors in her S.A.C. are appropriate comparators because all faculty members at Virginia State University "perform[] work substantially equal in skill, effort and responsibility under similar working conditions." *Strag*, 55 F.3d at 948.

With this understanding of the case, the Court will now address Plaintiff's second and third arguments from her Motion to Strike.

5

### A. Plaintiff's Second Argument

In her second argument, Plaintiff contends that the Court should strike the Defendants' Reply Brief because "it inappropriately relies on documents outside [of] the pleadings." (Mem. in Supp. Mot. to Strike 6.) Plaintiff alleges that the Court should not consider the copy of the VSU Faculty Handbook because: (1) it is not "integral" to Plaintiff's claims; (2) the Defendants included it as an exhibit to their Reply Brief rather than to their Motion to Dismiss; and (3) the Defendants provided "no evidentiary basis for concluding that it is an authentic copy" of the VSU Faculty Handbook. (Mot. to Strike 7.)

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, on a motion to dismiss." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). However, the Court may consider documents "attached or incorporated into the complaint"—as well as those attached to a motion to dismiss—so long as they are "integral to the complaint and authentic." *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Plaintiff argues that the VSU Faculty Handbook is not "integral" to the S.A.C. and, therefore, may not be considered at this stage of litigation.

In support of this assertion, Plaintiff cites several district court cases that discuss the appropriate standard to determine integrality. In *Walker v. S.W.I.F.T. SCRL*, the court held that, to be "integral," a document must be one that by "its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007). And in *Fisher v. Maryland*

6

*Department of Public Safety and Correctional Services*, the district court observed in an unpublished opinion that "courts have found integral the allegedly fraudulent document in a fraud action, the allegedly libelous magazine article in a libel action, and the documents that constitute the core of the parties' contractual relationship in a breach of contract dispute." *Fisher v. Md. Dep't of Pub. Safety & Corr. Servs.*, Civil No. 10-CV-0206, 2010 WL 2732334, at *2 (D. Md. July 8, 2010) (internal quotation marks omitted).

Though these opinions are helpful in framing the Court's discussion, the Court finds the analysis in *American Chiropractic v. Trigon Healthcare*, 367 F.3d 212 (4th Cir. 2012), to be both persuasive and readily applicable to the present issue. In that case, the Fourth Circuit upheld the lower court's decision to refer to an Ancillary Professional Provider Agreement attached by the defendant to its Motion to Dismiss because the plaintiff "explicitly referred to [it], and its mail and wire fraud claims [were] based on the alleged misrepresentation made in that document." *Id.* at 234. Citing to a Third Circuit decision, the Court explained the rationale underlying the exception to the rule that courts ought not consider documents outside of the pleadings at the 12(b)(6) stage:

> The primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated "[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." What the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim . . . by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement [did not support the claim].

*Id.* (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

7

In the present case, though the VSU Faculty Handbook does not give rise to the claim itself, Plaintiff cites to and relies on it to frame her central contention that "there is no difference or distinction in faculty responsibilities or job descriptions between departments or disciplines." (Resp. in Opp. to Mot. to Dismiss 2.) As discussed above, this assertion is highly relevant to the Court's inquiry in determining whether she has properly identified comparators "who perform work substantially equal in skill, effort and responsibility under similar working conditions," which is critical in pleading a plausible case of wage discrimination. *Strag*, 55 F.3d at 948; *see also Cerberonics, Inc.*, 871 F.2d at 455 (indicating that the sex discrimination provisions of Title VII and the EPA are construed harmoniously). Plaintiff cannot argue now that the inclusion of the VSU Faculty Handbook in its entirety—as opposed to the brief snippets she included in her S.A.C. and Response—would prejudice her in any way or that she was without notice of the documents' existence. Consequently, the Court will dispense with this argument.

Plaintiff next contends that the pleading should be stricken because the Defendants filed the VSU Faculty Handbook with their Reply Brief as an exhibit rather than with their Motion to Dismiss. This argument is unsupported by precedent or sound logic. In fact, as the Defendants noted, one of the cases that Plaintiff cited in her Motion to Strike directly contradicts this position. In *Murphy-Taylor v. Hofmann*, the court considered documents attached for the first time to the defendant's reply. *Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d 693, 711 n.17 (D. Md. 2013). While the materials considered in that case—state statutes, county ordinances, and legislative history documents—were certainly of a different nature than the VSU Faculty Handbook, Plaintiff cannot allege

prejudice by the inclusion of a full document that she relies on throughout her S.A.C. and Response. The Court finds this argument equally as uncompelling as Plaintiff's first.

Finally, Plaintiff contends that the Defendants provided "no evidentiary basis for concluding that it is an authentic copy" of the VSU Faculty Handbook. This assertion is a bit disingenuous, as Plaintiff—who clearly has a copy of the VSU Faculty Handbook—has failed to point to a *single* discrepancy between her copy and the document included with the Defendants' Reply Brief. Plaintiff cannot, in the same breath, cite to and quote from the VSU Faculty Handbook in her briefs and claim that a copy provided by the Defendant should be stricken because it has not been properly authenticated. This assertion is entirely devoid of merit.

In view of the above, the Court finds Plaintiff's second argument to be baseless and will decline to grant her Motion to Strike on that ground.

### B. Plaintiff's Third Argument

In Plaintiff's third argument, she alleges that the Reply Brief should be stricken because the Defendants "have raised . . . new arguments relating to the [VSU] Faculty Handbook knowing that Plaintiff would have no opportunity to respond." (Mot. to Strike 11.)

It bears noting—as the Defendants did in their Response to this Motion—that less than three pages of the Defendants' eleven-page Reply Brief contains arguments relating to the VSU Faculty Handbook. (*See generally* Reply Br. 4–6.) Therefore, it goes without saying that striking the Defendants' *entire* Reply Brief due to what is contained in only three pages of an eleven-page filing would be to effectively throw the baby out

9

with the bathwater.

Moreover, a review of the Reply Brief in light of Plaintiff's Response demonstrates that the Defendants have not made *any* new arguments. Instead, they merely continued their argument from their initial Motion to Dismiss that Plaintiff failed to allege sufficient facts to show the male comparators performed the same job that she did. Plaintiff cited to and relied upon the VSU Faculty Handbook multiple times in her Response. Obviously, the Defendants were entitled to the opportunity address those contentions in their Reply Brief. *See Evanston Ins. Co. v. Gayatree, Inc.*, No. 2:13cv134; No. 2:13cv209 (consolidated), 2013 U.WL 12097454, at *1 (E.D. Va. Aug. 19, 2013) (noting that plaintiff did not raise a "new argument" in its reply brief in support of its motion to dismiss because it responded to arguments raised by the defendant in its response brief).

Therefore, the Court concludes that it was Plaintiff, and not the Defendants, who raised arguments concerning the VSU Faculty Handbook. As such, the Court finds Plaintiff's third argument to be unmeritorious.

## IV. CONCLUSION

For the preceding reasons, the Court finds that Plaintiff has failed to produce a sound argument as to why the Defendants' Reply Brief should be stricken from the record.

Therefore, Plaintiff's Motion to Strike (ECF No. 38) will be DENIED.

The Court will decline to award the Defendants their fees and costs in opposing this Motion.

An appropriate Order will accompany this Memorandum Opinion.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to all counsel of record.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 23, 2016
Richmond, Virginia